UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| N. SCOTT BURNS<br>  Plaintiff | ) ) ) | CASE NUMBER:<br>3:07cv 334(JBA) |
| v. | ) ) | COMPLAINT –<br>JURY TRIAL DEMANDED |
| BANK OF AMERICA N.A.,<br>TRANS UNION, LLC,<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., and<br>EQUIFAX INFORMATION SERVICES LLC<br>  Defendants | ) ) ) ) ) ) ) | MARCH 1, 2007 |

## I. INTRODUCTION

1.  This is a suit brought by a consumer, N. Scott Burns, against Defendants Bank of America N.A., Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## II. PARTIES

2.  Plaintiff, N. Scott Burns, is a natural person residing in East Hartford, Connecticut. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.  Defendant Bank of American N.A. ("MBNA") is a national bank, which acquired MBNA, the original extender of credit from which this dispute stems.  MBNA is a foreign corporation and is a credit card and finance company that grants credit.  MBNA is a furnisher of information to consumer reporting agencies as contemplated by the FCRA, 15 U.S.C. § 1681s-2.

4.  Defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company, located in Illinois and is a consumer reporting agency as that term is defined by the

FCRA, 15 U.S.C. § 1681a(f).

5.  Defendant Experian Information Solutions, Inc. ("Experian ") is an Ohio corporation, located in California and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

6.  Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company, located in Georgia and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

### III.  JURISDICTION

7.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

8.  This Court has jurisdiction over the defendants because they regularly conduct business in this state.

9.  Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

### IV.  FACTUAL ALLEGATIONS

10. On January 11, 1997, Plaintiff's spouse applied for a credit card account with MBNA. Plaintiff did not authorize himself as an applicant or a co-applicant on the above referenced application.

11. After Plaintiff's spouse filed for Chapter 7 Bankruptcy, which discharged the above mentioned credit card account, MBNA sent a letter dated November 17, 2005, stating that the Plaintiff would be responsible for the remaining balance on the credit card.

12. Plaintiff then requested a copy of the original contract with signatures to verify Plaintiff's responsibility for the account.

2

13. MBNA responded on November 30, 2005, with a photo copy of a typed form that did not include any signatures.

14. MBNA sent letters to Plaintiff dated December 9, 2005, and January 30, 2006, in which MBNA demanded that Plaintiff set up payment arrangements.

15. Plaintiff again disputed any responsibility for the account and requested a copy of the original contract with signatures.

16. On February 11, 2006, Plaintiff sent dispute letters to Trans Union, Equifax, and Experian regarding the dispute with MBNA.

17. On March 2, 2006, Plaintiff received a letter from Equifax stating that, after investigating the dispute, Equifax determined that Plaintiff was responsible for the MBNA debt.

18. On March 15, 2006, Plaintiff received a letter from Trans Union stating that, after investigating the dispute, Trans Union determined that Plaintiff was responsible for the MBNA debt.

19. On March 21, 2006, World's Foremost Bank closed Plaintiff's account based on the incorrect information of MBNA in Plaintiff's Trans Union report.

20. On March 27, 2006, Plaintiff sent new dispute letters to Trans Union, Equifax, and Experian regarding the same dispute with MBNA.

21. On April 18, 2006, Plaintiff received another letter from Equifax again stating that after investigating the dispute, Equifax determined that Plaintiff was responsible for the MBNA debt.

22. On April 19, 2006, Plaintiff received another letter from Trans Union again stating that after investigating the dispute, Trans Union determined that Plaintiff was responsible for the MBNA debt.

3

23. On May 18, 2006, Plaintiff sent a dispute letter to MBNA asking for specific information to verify Plaintiff's responsibility to the account, including Plaintiff's signature on original application or contract of the account.

24. In June of 2006, MBNA sent another demand letter to Plaintiff for the balance due. MBNA did not send any verification paperwork as requested by the Plaintiff's letter dated May 18, 2006.

25. On June 11, 2006, Citibank sent Plaintiff a letter stating that Citibank had reduced Plaintiff's credit line from $14,900 to $500 after reviewing Plaintiff's Experian report.

26. On August 21, 2006, Plaintiff applied for an auto loan though Citibank Auto, which was later declined because of incorrect information contained in Plaintiff's Equifax report.

27. On September 14, 2006, Plaintiff was declined financing by HSBC Auto Finance based on information supplied by Trans Union.

28. On September 17, 2006, Plaintiff was declined financing by Bank of America, N.A. based on information supplied by Trans Union.

29. On November 1, 2006, Plaintiff wrote a dispute letter to Equifax regarding the continuing dispute with MBNA.

30. To date, Experian has failed to respond to any of the disputes filed by the Plaintiff.

### FIRST CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant MBNA

31. Paragraphs 1-30 are herein incorporated.

32. MBNA is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

33. Pursuant to FCRA § 1681s-2(b), MBNA has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union,

Experian, and Equifax. MBNA knew or should have known, when it received notice of

Plaintiff's dispute of the account from Trans Union, Experian, and Equifax, that Plaintiff

disputed the account because it had received notice of Plaintiff's dispute directly from Plaintiff

by phone in November of 2005, and by letters in December of 2005 and May of 2006.

34. MBNA violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's

disputes when requested to do so by Trans Union, Experian, and Equifax and failure to inform

the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation

that Plaintiff disputed the account.

35. MBNA's failure to correct the disputed information and its continued reports to third

parties stating Plaintiff owed MBNA over $32,000 constitutes willful and/or negligent violations

of FCRA § 1681s-2(b).

36. As a result of MBNA's failure to correct the disputed information, Plaintiff was

denied credit on several occasions, had an existing credit card terminated, and had another credit

card's spending limit cut by $14,400.

37. For its willful violations of the FCRA, MBNA is liable to Plaintiff for actual

damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

38. For its negligent violations of the FCRA, MBNA is liable to Plaintiff for actual

damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

## SECOND CAUSE OF ACTION
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Trans Union**

39. Paragraphs 1-30 are herein incorporated.

40. Trans Union is a person as that term is defined by the FCRA, § 1681a(b), and a

consumer reporting agency as contemplated by the FCRA.

41. Pursuant to FCRA § 1681i, Trans Union has a duty to perform a reasonable

5

investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union.

42. Trans Union violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the MBNA account when requested to do so.

43. Trans Union's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to MBNA constitute willful and/or negligent violations of FCRA § 1681i.

44. When preparing a credit report regarding a consumer, Trans Union is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

45. As a result of Trans Union's failure to comply with the mandates of the FCRA, Plaintiff was denied credit on two separate occasions, and had an existing credit card terminated.

46. For its willful violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

47. For its negligent violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

### THRID CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Experian

48. Paragraphs 1-30 are herein incorporated.

49. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

50. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Experian.

51. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the MBNA account when requested to do so.

52. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to MBNA constitute willful and/or negligent violations of FCRA § 1681i.

53. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

54. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff suffered a reduction in available credit by $14,400 on one particular credit card.

55. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

56. For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**FOURTH CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Equifax**

57. Paragraphs 1-30 are herein incorporated.

58. Equifax is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

59. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Equifax.

60. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the MBNA account when requested to do so.

61. Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to MBNA constitute willful and/or negligent violations of FCRA § 1681i.

62. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

63. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff was denied credit.

64. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

65. For its negligent violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n and § 1692k; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; and such other relief as this Court deems appropriate.

PLAINTIFF, N.SCOTT BURNS

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457
dblinn@consumerlawgroup.com